UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOUGLAS MURPHY,            *
                           *
    Plaintiff,             *
        v.                 *
                           *   Civil Action No. 17-30021-MGM
GOVERNOR CHARLIE BAKER, et al., *
                           *
    Defendants.            *

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION TO DISMISS
(Dkt. Nos. 70 and 62)

March 29, 2019

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

Plaintiff, acting pro se, filed his complaint on February 17, 2017, at a time when he was incarcerated in Massachusetts. (Dkt. 1, Compl.) In his initial complaint, he described his experiences and observations as an inmate at the Worcester County Jail and House of Corrections (the "Jail"). More specifically, he alleged that he was confined 21 hours per day in an environment with rampant gang activity such as gambling, extortion, blackmail, and violence. The gang activity caused him harm, including both minor injuries from attacks by other inmates and severe physical injuries that resulted when a fellow inmate and gang member stabbed him in the shoulder. Plaintiff also alleged a group of corrections officers and public officials knew about and condoned the gang activity that created an environment in which extortion and inmate violence could occur. This knowledge was based on their observing gangs operating openly and being aware of a 2008 report from the Department of Justice identifying problems at the Jail. In addition to claiming he was harmed by the general environment within the Jail, Plaintiff has also asserted that two unidentified corrections officers took specific actions which directly exposed him to more specific injuries. Specifically, he

claims he became a target for extortion and violence because an unidentified corrections officer notified gang members that he had more than $5,000 in his jail account and that Lieutenant Edward Schwartz ("Schwartz") refused to provide him with a grievance form and retaliated against him for requesting one. In his original complaint, Plaintiff sought only monetary damages as relief. He did not separately list his counts, but asserted that he brought claims pursuant to a federal civil rights statute, 42 U.S.C. § 1983 (§ 1983) for violations of his rights under the First and Eighth Amendments, and the Massachusetts Tort Claims Act ("MTCA"), MASS. GEN. LAWS ch. 258, § 2.

On June 9, 2017, Defendants filed a Motion to Dismiss. (Dkt. No. 31.) Plaintiff filed motions requesting counsel and leave to file an amended complaint on August 1, 2017. (Dkt. Nos. 41 & 42.) In his request for counsel, Plaintiff notified the court that his period of incarceration in Massachusetts was ending and he would soon be incarcerated in Connecticut. On August 7, 2017, the court directed the Pro Bono Coordinator to search for pro bono counsel for Plaintiff and on January 5, 2018 the court appointed Attorney Timothy M. Cornell to represent Plaintiff. (Dkt. Nos. 44 & 52.) Anticipating the filing of an amended complaint by Attorney Cornell, the court dismissed as moot the previously-filed motion to dismiss. (Dkt. No. 54.) Attorney Cornell filed an amended complaint on May 10, 2018. (Dkt. No. 61.) The Amended Complaint asserted claims pursuant to § 1983 and the Federal Tort Claims Act against a smaller group of defendants. The Amended Complaint is the currently operative complaint in this case.

The Amended Complaint restated the claims against unidentified corrections officers related to (1) the disclosure of the amount in Plaintiff's Jail account to gang members by John Doe 1 and (2) the opening of his cell to facilitate his stabbing by John Doe 2. Additionally, the Amended Complaint alleged Captain Charles Fuller ("Fuller") investigated Plaintiff's stabbing in a manner that prevented Plaintiff from participating because his cooperation would have exposed him to further

inmate violence.[1] The Amended Complaint also added additional allegations related to Schwartz's response to Plaintiff's request for a grievance form.

Defendants filed a second Motion to Dismiss on May 25, 2018, seeking dismissal of all claims except for Plaintiff's § 1983 claims alleging First Amendment violations by Lieutenant Schwartz related to his response to Plaintiff's request for a grievance form. (Dkt. No. 62.) Attorney Cornell filed an opposition on June 22, 2018. (Dkt. No. 67.) Plaintiff, unhappy with the work of his pro bono counsel, directly filed a motion for leave to file a superseding amended complaint on July 30, 2018. (Dkt. No. 70.) On September 6, 2018, the court held a hearing regarding Plaintiff's filing.

Attorney Cornell advised the court that Plaintiff had directed him to seek leave for Plaintiff to file the proposed amended complaint personally prepared by Plaintiff. In the course of a colloquy with the court, Attorney Cornell conceded that his professional duties to the court prevented him from filing the amended complaint drafted by Plaintiff. The court advised Attorney Cornell that it would not consider pro se filings from Plaintiff so long as he was represented by counsel and denied Plaintiff's motion. A short time later, Attorney Cornell filed a Motion to Withdraw as counsel for Plaintiff (Dkt. No. 80), citing a conflict with Plaintiff regarding Plaintiff's dissatisfaction with the Amended Complaint filed by Counsel. The court considered its colloquy with Attorney Cornell at the September 6, 2018 hearing, his request to withdraw, and two communications submitted directly to the court by Plaintiff (Dkt. Nos. 77 & 79) and granted Attorney Cornell's request to withdraw. As Plaintiff was again pro se, the court, sua sponte, revived Plaintiff's Motion to Amend. Plaintiffs proposed amended complaint, like his original complaint, makes claims pursuant to § 1983 and the MTCA and includes additional factual allegations beyond those included in the Amended Complaint.

---

[1] Fuller is described as acting together with another corrections officer referred to only as "Boss" and not included in the section of the original complaint, amended complaint, or proposed amended complaint, in which defendants are identified.

II.      SPECIAL CONSIDERATIONS APPLICABLE TO COMPLAINTS FILED BY PRO SE PLAINTIFFS[2]

"Our judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Like other plaintiffs, "even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Holding all plaintiffs, including pro se plaintiffs, to this standard is necessary to ensure every defendant is "afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004).

III.      MOTION TO DISMISS STANDARD

At this stage in the litigation, the court accepts as true the factual allegations—those setting out who did or said what, to whom, and when—and draws all reasonable inferences based on those factual allegations. *Evergreen Partnering Grp, Inc. v. Pactiv Corp.*, 720 F.3d 33, 36 (1st Cir. 2013). "As a general proposition, a complaint must contain no more than 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff's "short and plain" statement must state the plaintiff's claims and the facts on which they are based clearly enough to allow the defendant to mount a defense. *Díaz-Rivera*, 377 F.3d at 123. In cases involving multiple defendants, the court

---

[2] In preparing his complaint, Plaintiff was assisted by an attorney; however, as he is proceeding without counsel, his complaint is treated as a pro se filing.

4

"must determine whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 547. This means the complaint must identify a legal basis for imposing liability on a defendant based on the alleged conduct and contain sufficiently specific factual content from which the court can reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IV. DISCUSSION

A. Official Capacity Claims

Well-established case law provides that "the Eleventh Amendment bars federal suits by citizens against the state or state agencies." *O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000). This bar extends to the claims made against state employees in their official capacities because Plaintiff seeks only damages, not injunctive relief, and "[a] damages suit against an official in an official capacity is tantamount to a suit against the entity of which the official in an agent." *Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir. 2002). Since 1998, "functions, duties and responsibilities" previously assigned to Worcester County, including "operation and management of the county jails and house of correction" have been assumed directly by the Commonwealth. MASS. GEN. LAWS ch. 34B §§ 1, 4. Following this change, the Worcester County sheriff departments and correction facilities are considered "arms" of the Commonwealth immune from suits for damages under the Eleventh Amendment. *Maraj v. Massachusetts,* 836 F.Supp.2d 17, 24–25 (D. Mass. 2011) (reaching similar conclusion under analogous statute applicable to Suffolk County); *Kelley v. DiPaola,* 379 F.Supp.2d 96, 100 (D. Mass. 2005) (reaching similar conclusion as to Middlesex County). Dismissal is,

5

therefore, appropriate with respect to all official capacity claims against individual defendants employed directly by the Commonwealth or the Worcester Sheriff. Additionally, any amendment to add official capacity claims against additional defendants would be futile and is, therefore, denied.

B.      Individual Capacity Claims

The named individual defendants have also been sued "in [their] own capacity," which the court understands to mean in their individual capacities. Plaintiff asserts two types of individual capacity claims. There are claims based on specific conduct attributed to specific defendants that directly interfered with Plaintiff's rights. These are the type of claims made against two unknown corrections officers who allegedly took specific actions that harmed Plaintiff by (1) exposing Plaintiff to extortion and violence by disclosing Plaintiff's private financial information to another inmate (John Doe 1) and (2) enabling a physical attack on Plaintiff by remotely opening the door to his cell (John Doe 2).[3] Plaintiff also brings this type of claim against two of the identified individual defendants, Fuller and Schwartz.[4] Plaintiff alleges Fuller made only a superficial effort to investigate the circumstances in which he was stabbed and Schwartz refused to provide Plaintiff a formal grievance form when requested then retaliated against him for making the request. Plaintiff also asserts claims against all of the defendants based on their alleged deliberate indifference to the open operation of gangs in the Jail and harms caused to Plaintiff by gang members while he was incarcerated at the Jail.

    i)   § 1983

"Section 1983 provides a private right of action against '[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[3] The Amended Complaint references fifteen John Doe defendants, but only identifies two unknown actors. The court, therefore, limits its consideration to the claims against John Does 1 and 2.
[4] Another individual, presumably a corrections officer but referred to only as Boss, is alleged to have acted together with Fuller, but he has not been named as a defendant.

6

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].'" *Bellville v. Town of Northboro*, 375 F.3d 25, 29 n. 3 (1st Cir. 2004) (quoting 42 U.S.C. § 1983). "[A] supervisor may not be held liable under section 1983 on the tort theory of respondeat superior, nor can a supervisor's section 1983 liability rest solely on his position of authority." *Guadalupe-Báez v. Pesquera*, 819 F.3d 509, 515 (1st Cir. 2016). Instead, a supervisor's liability must be premised on their own acts or omissions, and "the supervisor's conduct must evince 'reckless or callous indifference to the constitutional rights of others;" negligence is not enough. *Id.* (quoting *Febus-Rodríguez v. Betancourt-Lebrón*, 14 F.3d 87, 92 (1st Cir. 1994)). To succeed on a § 1983 claim against a supervisor, a plaintiff ultimately must establish (1) "that one of the supervisor's subordinates abridged the plaintiff's constitutional rights" and (2) "that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." *Id.* (internal quotations and alterations omitted).

Plaintiff's § 1983 claims are based on alleged violations of the duties imposed on prison officials under the Eighth Amendment, as incorporated into the Fourteenth Amendment, specifically the duty "'to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). However, "[n]ot 'every injury suffered by one prisoner at the hands of another,'" is the result of an Eight Amendment violation. *Lakin v. Barnhart*, 758 F.3d 66, 70 (1st Cir. 2014) (quoting *Farmer*, 511 U.S. at 834.) A successful Plaintiff "must show 'that he is incarcerated under conditions posing a substantial risk of serious harm,' and the prison official must have acted, or failed to act, with 'deliberate indifference to inmate health or safety." *Id.* With respect to the first requirement, each of Plaintiff's filed and proposed complaints alleges the open operation of violent gangs at the Jail created conditions that posed a substantial risk of serious harm to inmates, including himself.

7

The second element requires that a defendant "have a 'sufficiently culpable state of mind,'" which here means "one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991)). "A prison official is deliberately indifferent where she 'knows of and disregards an excessive risk to inmate health or safety.'" Leite v. Bergeron, 911 F.3d 47, 52 (1st Cir. 2018) (quoting *Farmer*, 511 U.S. at 837).

While this may be a difficult standard to meet with respect to some or all defendants, whether Plaintiff will be able to "prove what he has alleged is not the issue" at this stage. *Guadalupe-Báez*, 819 F.3d at 515. Instead, the question is whether he has alleged facts that paint a "plausible picture" and if proven would support a finding of individual liability. *Haley v. City of Boston*, 657 F.3d 39, 52 (1st Cir. 2011). As to the John Doe defendants, Plaintiff has alleged they intentionally provided gang-affiliated inmates with information about or access to Plaintiff in a manner that directly exposed him to harm. These allegations are clearly sufficient at this stage. With respect to the defendants named in Plaintiff's Amended Complaint, all are alleged to have had some level of direct authority over the conditions Plaintiff experienced at the Jail and to have observed the open operation of gangs at the jail. Plaintiff's Amended Complaint also asserts the 2008 Justice Department report put officials, a group the court can reasonably infer includes the defendants, on notice about dangerous conditions at the Jail. Though "couched in general terms, [Plaintiff's § 1983] allegations contain sufficient factual content to survive a motion to dismiss and open a window for pretrial discovery." *Id.* at 53. This is especially true here because these defendants possess information that is otherwise beyond Plaintiff's reach but is necessary to prove his claims, specifically what knowledge and authority each individual defendant possessed during the period Plaintiff was incarcerated at the Jail. *See, e.g.*, *Leite v. Bergeron*, 911 F.3d 47 (1st Cir. 2018) (ruling summary judgment warranted for prison employee when, following discovery, there was an absence

8

of evidence the employee, who could have rendered aid, had any suspicion that an inmate required assistance).

Having concluded Plaintiff's Amended Complaint alleges sufficient facts for Plaintiff's individual capacity § 1983 claims to survive, the Court denies as moot Plaintiff's motion to file a further amended complaint to the extent it seeks to add additional factual allegations regarding the individual defendants named in the Amended Complaint. The court also denies the motion to the extent it would add three additional defendants identified in Plaintiff's original complaint and proposed amended complaint but not named in the Amended Complaint—Governor Charlie Baker, Lieutenant Governor Karyn Polito, and Attorney General Maura Healy. As to these individual defendants, the court cannot reasonably infer, based on Plaintiffs proposed amended complaint, that they personally took any actions that increased the likelihood that Plaintiff would be harmed while incarcerated at the Jail.

2) Tort Claims

Count II of the Amended Complaint asserts tort claims pursuant to the Federal Tort Claims Act. As the Federal Tort Claims Act is inapplicable to Defendants, all of whom are Massachusetts employees, those claims are dismissed. Turning to Plaintiff's motion to amend, the court now considers whether to allow Plaintiff's proposed amended complaint to the extent it includes state law tort claims against Defendants. Plaintiff proposed state law tort claims allege Defendants' negligence allowed racketeering activities and inmate violence which harmed Plaintiff.

It is well established that, under Massachusetts law, public employees are shielded from personal liability for conduct that is either negligent or grossly negligent, if they were acting within the scope of their office or employment. MASS. GEN. L. c. 258, §§ 2 and 10(c); *see also McNamara v. Honeyman*, 546 N.E.2d 139, 141-42 (Mass. 1989) (ruling MASS. GEN. L. c. 258 "extends immunity from personal liability to public employees who are acting within the scope of their duties" with

respect to both ordinary and gross negligence). As Plaintiff bases his tort claims only on allegedly negligent actions and Defendants are immune from personal liability based on such allegations, the court denies the motion to amend as futile. *See Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 21-23 (1st Cir. 2017) (affirming district court's denial of motion to amend on futility grounds).

V. CONCLUSION

Defendants' Motion to Dismiss is DENIED as to Plaintiff's individual capacity § 1983 claims and ALLOWED as to all other claims. (Dkt. No. 62.) The First Amendment claim against Lieutenant Schwartz also remains pending. Plaintiff's Motion for Leave to File his Proposed Amended Complaint is denied. A scheduling conference shall be set. As Plaintiff remains incarcerated outside of this district, and, because this is a civil case, outside of the reach of a writ of habeas corpus ad testificandum issued by this court, the clerk's office shall attempt to arrange for Plaintiff to participate in the scheduling conference via telephone. *See Price v. Johnson*, 334 U.S. 266, 285-86 (1948) ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now 28 U.S.C. § 1654] to parties in all courts of the United States to 'plead and manage their own causes personally.'"), *overruled on other grounds by McClesky v. Zant*, 499 U.S. 467 (1991).

It is so Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge